Perine et al *vs.* Babcock.

PERINE et al. *vs.* BABCOCK.

1. In a proceeding to try the right of property levied on under an attachment, the court cannot reject an execution (or it would seem, the attachment) offered in evidence, on the ground that the lien of the attachment was destroyed by the giving of a replevy bond.

Error to the Circuit court of Dallas.

Issue to try the right of property, tried before *Crenshaw,* J.

Verdict and judgment for the claimant.

In this case, the bill of exceptions stated, that on the trial of the cause, the plaintiffs in execution, produced and proved the issuance of an attachment by them, on the thirtieth March, eighteen hundred and thirty-two, against the estate of Stephen Miller, an absconding debtor, which was levied on the property in question. On the attachment, plaintiffs recovered judgment. They also proved by several witnesses, that the property was in Miller's possession for several years, and up to the time of his absconding. They then offered in evidence an *execution* issued upon their judgment, which was levied on the same property, on which levy, claimant again interposed his claim, and executed bond for the trial of the right of property. To the introduction of this last evidence, claimant objected, on the ground, that a replevin bond had been executed by him, on the thirtieth March, eighteen hundred and thirty-two, for the property. The objection was sustained by the court, on the ground, that the lien created by the levy of the attach-

ment, was discharged by the execution of the bond. Whereupon, the plaintiffs in execution submitted to a verdict for claimant, and excepted to the decision of the court.

It was assigned—

That the court erred in rejecting the execution in evidence, and in making the decision excepted to.

*J. B. Clarke*, for the plaintiffs in error.
*Phillips*, contra.

PER CURIAM.—It is evident that the rejection of the *execution* cannot be maintained on the reason assigned by the Circuit court in the bill of exceptions. If the lien of the attachment was destroyed by the execution of the replevy bond, it could in no manner affect the validity of the execution issued subsequently on the judgment, and authorise its exclusion from the jury. It must be that "execution" is inserted in the bill of exceptions, by mistake or inadvertance, in lieu of "attachment." We notice this, not because we possess the power to correct or reform the bill of exceptions, but that injustice may not be done to the circuit judge by this presumed mistake in the question actually decided by him. If the bill of exceptions is correct, (and we must so consider it, for the purposes of reversal or affirmance,) the error is apparent.

If we consider that it was the attachment, and not the execution, which was excluded, the opinion expressed by the Circuit court is nevertheless incorrect, and though formerly a question of doubt and difficulty, was finally

settled by the decision of the case of McRae vs. McLean, (2 Porter, 138.)

Since the decision of that case, the same point has received the confirmation of the Supreme court of the United States—(Lucas vs. Hagan, 10 Peters.) After these repeated decisions, the point may be considered at rest.

The judgment is reversed, and the cause remanded.